FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MYLINDSIE A.,

      Plaintiff,

  v.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

NO: 1:25-CV-03140-RLP

ORDER REVERSING AND
REMANDING THE
COMMISSIONER'S DECISION FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision, denying supplemental security income under Title XVI of the Social Security Act. ECF No. 10. The Court considered the matter without oral argument. The parties agree the ALJ committed reversible error but dispute the appropriate remedy. Because there are outstanding issues and conflicts in the evidence which must be decided by the ALJ, the Court remands the case for further proceedings.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 1

BACKGROUND

Ms. A. was 32 years old at the time of application. Tr. 24. She left school in the ninth grade. Tr. 37, 784.  She has no work experience. Tr. 37-38.

Ms. A. filed for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging an onset date of June 11, 2003. Tr. 218-23. She alleged she is unable to work due to symptoms from anxiety, depression, PTSD and a learning disability. Tr. 284, 293. Benefits were denied initially, Tr. 67-71, and upon reconsideration, Tr. 73-76.

Ms. A. failed to appear at the hearing held by the administrative law judge (ALJ) on August 7, 2024, although her attorney appeared and the vocational expert testified. Tr. 31-47. On October 2, 2024, the ALJ issued an unfavorable decision, Tr. 14-30, and on July 1, 2025, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR ADDITIONAL PROCEEDINGS ~ 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing harm. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find the claimant is not disabled. 20 C.F.R. § 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the is the most a claimant can do despite his or her limitations.  20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). At step five, the Commissioner

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 4

considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

At step one, the ALJ found Ms. A. has not engaged in substantial gainful activity since December 22, 2022, the application date. Tr. 20. At step two, the ALJ found the following severe impairments: depression, bipolar, anxiety, posttraumatic stress disorder (PTSD), drug abuse, and borderline personality. Tr. 20. At step three, the ALJ found Ms. A. does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20.

With respect to the RFC, the ALJ found Ms. A. has the capacity to perform a full range of work at all exertional levels except for the following nonexertional limitations:

> She should not work in an environment that allows direct access to drugs, such as work in a hospital or pharmacy, for example. She can understand, remember, carry out, and maintain pace for unskilled work tasks; can tolerate occasional interaction with

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR ADDITIONAL PROCEEDINGS ~ 5

supervisors, co-workers, and the general public, but cannot tolerate a job where confrontation with the general public may be a natural occurrence, such as resolution of customer disputes or security guard, for example. Due to limitations in maintaining focus, attention, and concentration, she will be off-task for 5-10% of the average workday, but can maintain adequate focus, attention, and concentration to perform unskilled work. She can adapt adequately to ordinary changes in an unskilled work setting.

Tr. 21.

At step four, the ALJ found Ms. A. has no past relevant work. Tr. 24. At step five, after considering Ms. A.'s RFC, the testimony of a vocational expert, and Ms. A.'s age, education, and work experience, the ALJ found there are jobs existing in significant numbers in the national economy the claimant can perform such as laundry worker, routing clerk, and sorter. Tr. 25.

Based on the adverse finding at step five, the ALJ determined Ms. A. has not been under a disability, as defined in the Social Security Act, since December 22, 2022, the date the application was filed. Tr. 26.

## ANALYSIS

Ms. A. contends the ALJ erred in evaluating her symptom statements and the psychological opinion of Dr. Thomas Genthe, which, if credited, would result in a disabling RFC finding. Ms. A. also contends the ALJ failed to properly consider the vocational expert's testimony, which according to Ms. A. would result in a finding she cannot work if properly considered. ECF No. 10 at 2. The Commissioner concedes the ALJ erred. ECF No. 14 at 1. The Commissioner does not acknowledge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR ADDITIONAL PROCEEDINGS ~ 6

any specific error but asserts the record contains evidence that Ms. A. is not as limited as alleged and that the ALJ properly considered the vocational expert's testimony. ECF No. 14 at 3-4. This suggests the Commissioner concedes the ALJ erred in evaluating Dr. Genthe's opinion.

Thus, the only issue in dispute is whether the Court should remand for further proceedings or an award of benefits. *See* ECF No. 10 at 2, 21 (requesting remand for award of benefits); ECF No. 14 (requesting remand for further proceedings); ECF No. 16 (opposing the Commissioner's request to remand for further proceedings). As explained below, the Court concludes remand for further proceedings is necessary in this case.

The Social Security Act permits the district court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir.2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Although a court should generally remand to the agency for additional investigation or explanation, the court also has discretion to remand for

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR ADDITIONAL PROCEEDINGS ~ 7

immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).

Under the credit-as-true rule, the Court may order an immediate award of benefits only if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) when considering the record as a whole and crediting the improperly discounted testimony as true, there is no doubt as to disability. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). However, even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Id.*

The first step of the credit-as-true rule is met, as discussed above, with respect to Dr. Genthe's opinion. The next question is whether there are any outstanding issues which must be resolved by the ALJ. The Court concludes there are outstanding issues to be resolved in this case.

First, even if Ms. A. were found to be disabled (and the Court does not so find), it appears further analysis of Ms. A.'s limitations would be necessary. A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 8

medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. § 416.935(a). To do so, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.  20 C.F.R. § 416.935(b)(2). If not, then DAA is a contributing factor material to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled regardless of drug or alcohol addiction, and the addiction is not a contributing factor material to the disability determination. *Id.*

In this case, there is evidence of substance use and the ALJ found drug abuse is a severe impairment at step two. Tr. 20; *see* Tr. 23 (citing Tr. 732). However, after evaluating the evidence, the ALJ concluded, "[t]he claimant's substance abuse is not material to the determination of disability. This is because the claimant, even with her substance use disorder, is not found to be disabled." This suggests if Ms. A. were found to be disabled, the ALJ would need to conduct an analysis to determine which of her limitations would remain without DAA and whether her remaining limitations would be disabling. Accordingly, remand for additional proceedings is the appropriate remedy.

Second, even if Dr. Genthe's opinion were credited, there is a conflict with the ALJ's finding regarding the opinion of the psychological consultant, Dr. Andrew F.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 9

Tr. 24, Tr. 62-64. The ALJ credited Dr. F.'s opinion regarding only the limitation to simple tasks, which is not challenged by Ms. A. Tr. 24. This conflicts with Dr. Genthe's disabling assessment, Tr. 783-87, and the resolution of this conflict must be performed by the ALJ.

Third, the ALJ gave two reasons for finding Ms. A.'s symptoms not as severe as alleged: (1) they improved with treatment; and (2) they are inconsistent with her daily activities. Ms. A. contends the ALJ's reasoning failed to address the "waxing and waning" of her mental health symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Symptoms may wax and wane during the progression of a mental disorder."). Nevertheless, even when symptoms wax and wane, "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill,* 878 F.3d 867, 876 (9th Cir. 2017). Since this matter is remanded for further proceedings, the ALJ should reassess Ms. A.'s symptom statements and address the impact of waxing and waning of mental health symptoms in the record.

As to the ALJ's finding regarding her daily activities, Ms. A. asserts the ALJ failed to explain how these activities are inconsistent with her alleged limitations. The ALJ found activities such as serving as her mother's caregiver, grocery shopping, attending church, and using public transportation "show the claimant can tolerate occasional interaction" with others. Tr. 23. The ALJ observed the range of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 10

her activities, plus the ability to schedule her own medical appointments, "show[s] the claimant can maintain focus, attention, and concentration to perform unskilled work [and] can adapt adequately to ordinary changes in the work setting." Tr. 23. Nevertheless, as part of the revisiting of the sequential process on remand, the ALJ should reevaluate Ms. A.'s daily activities and explain any inconsistencies identified.

Lastly, Ms. A. asserts the ALJ failed to properly consider the meaning of the vocational expert's testimony regarding the limitation to occasional interaction as it impacts the training period of the jobs identified. On remand, the ALJ shall address this issue as is appropriate based on the new sequential evaluation, and if necessary obtain supplemental vocational expert testimony as required by the RFC finding.

The parties agree the ALJ's decision is not supported by substantial evidence. The Court concludes there are outstanding issues which make remand for benefits inappropriate. On remand, the ALJ shall reconsider Dr. Genthe's opinion, reconsider the evidence, develop the record as needed, conduct a new sequential evaluation, and issue a new decision consistent with this order.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Brief, **ECF No. 10**, is **GRANTED** in part and **DENIED** in part. It is granted in part regarding Plaintiff's request to remand. It is denied in part regarding Plaintiff's request the Court remand to award benefits.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR ADDITIONAL PROCEEDINGS ~ 11

2.	Defendant's Brief Requesting Remand, **ECF No. 14**, is **GRANTED**.

3.	This case is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** March 13, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR ADDITIONAL PROCEEDINGS ~ 12